

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION,<br><br>Intervenor,<br><br>v.<br><br>A&C HEALTHCARE SERVICES, INC.,<br><br>Respondent. | No. 11-72498<br><br>NLRB Nos. 20-CA-33588<br>20-CA-33780<br><br>MEMORANDUM[*] |

On Application for Enforcement of an Order of the
National Labor Relations Board

Argued and Submitted May 7, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The National Labor Relations Board petitions for enforcement of its order holding that A&C Healthcare Services, Inc. ("A&C") violated § 8(a)(1) and (5) of the National Labor Relations Act. We enforce the Board's order.

The Administrative Law Judge ("ALJ") held that A&C became a successor employer under *NLRB v. Burns Int'l Sec. Servs.*, 406 U.S. 272 (1972), at some point between September 14, 2007, when the union requested recognition and to bargain collectively, and November 8, 2007, at the end of the probationary period. The ALJ ruled that A&C violated its duty to negotiate with the union by unilaterally changing employment terms on and after November 8. The Board adopted the ALJ's findings. *A&C Healthcare Servs., Inc.*, 186 L.R.R.M. (BNA) 1206 (2009).

We have reviewed the record and the parties' arguments. We conclude that the ALJ's findings, as adopted by the Board, are supported by substantial evidence. *See Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 42–54 (1987); *NLRB v. Marin Operating, Inc.*, 822 F.2d 890, 895 (9th Cir. 1987).

**ORDER ENFORCED**.